DERRICK S. TAYLOR,           )
                               )
       Petitioner,          )
                               )
v.                           )        **Case No. 3:13-cv-1275**
                               )
**JERRY LESTER, Warden,**     )        **Judge Trauger**
                               )
       Respondent.      )

## MEMORANDUM OPINION

Petitioner Derrick S. Taylor, a prisoner in state custody at the West Tennessee State Penitentiary in Henning, Tennessee, has filed a *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus (ECF No. 1). The respondent has filed an answer in opposition to the petition, along with what appears to be a complete copy of the underlying state-court record. The petition is ripe for review, and this court has jurisdiction. 28 U.S.C. § 2241(d). For the reasons set forth herein, the petition will be denied.

## I.    PROCEDURAL BACKGROUND

On February 25, 2009, Derrick Taylor was found guilty by a Davidson County jury of attempted especially aggravated robbery and attempted first-degree murder. The trial court denied Taylor's motion for a new trial and, in April 2009, sentenced him as a standard offender to 11 years' incarceration on the attempted robbery charge and 22 years on the attempted murder charge, for an effective sentence of 33 years. (ECF No. 7-1, at 71–72 (Judgments).)

The petitioner filed a timely notice of appeal, and he argued on appeal that (1) the trial court erred under state law in allowing the prosecution to present evidence that the petitioner had fired a gun on another occasion and that the bullet retrieved from that firing matched those found in the shooting that was the subject of this case; and (2) the evidence was not sufficient for a rational trier of fact to find the petitioner guilty of attempted especially aggravated robbery and attempted first-degree murder. (*See* ECF No. 7-13, at 5 (issues presented for review in appellate brief).) The Tennessee Court of Criminal Appeals rejected his arguments and affirmed the conviction and sentence. *State v. Taylor*, No. M2009-01155-

CCA-R3-CD, 2010 WL 5140679 (Tenn. Ct. Crim. App. Dec. 14, 2010), *perm app. denied* (Tenn. May 26, 2011). The petitioner did not seek to appeal to the United States Supreme Court.

In his habeas petition, Taylor avers that he filed a state post-conviction petition in which he argued that (1) "a petit juror on [the] panel knew DA personally which could have definitely prejudice[d] [the] verdict" and (2) "victim Edward Scott . . . is believed to have committed perjury[;] he testified false[ly] of his identity." (ECF No. 1, at 2.) The petitioner states that he did not receive a hearing on this post-conviction petition; he does not know the date of the result and did not appeal the denial of this petition. He states that his trial attorney "did not and is not providing me with the information I need to pursue my case." (*Id.* at 5.)

Taylor filed his § 2254 petition in this court sometime between October 11, 2013 (ECF No. 1, at 6 (date of the petitioner's signature)), and October 28, 2013 (ECF No. 1-1, at 1 (the date the petition was stamped by the prison as "outgoing")). He argues now that (1) the conviction was unconstitutional because the sister of one of the jurors was the prosecutor's childhood best friend; and (2) trial counsel was constitutionally ineffective in that he failed to raise an argument about the relationship between the prosecutor and the juror's sister, failed to properly investigate the shooting victim's allegations about his own identity and possible perjury, and failed to mail the petitioner any of the trial transcripts relating to a different criminal case against the petitioner. (ECF No. 1, at 4–5.)

The respondent filed an answer to the habeas petition on January 23, 2014, along with a copy of the underlying state-court record. Counsel for the respondent states that she contacted the trial court clerk's office and requested the petitioner's complete state-court file. She received the file, but the file did not include a post-conviction petition or any record that one had been filed. (ECF No. 6, at 2.) The respondent argues that the present petition must be dismissed because (1) it is barred by the statute of limitations, and (2) the petitioner's claims were not fully exhausted in the state courts and are now procedurally barred.

In a recently submitted letter to the court, the petitioner states that he has "very deep and serious concerns" about the respondent's representation that there is no record of the petitioner's having filed a state post-conviction petition. (ECF No. 12, at 2.) He insists that the "only [person] who can rectify this

situation is Judge Mark J. Fishburn himself." (*Id.*) He urges the court to call Judge Fishburn to verify that the petitioner filed a state post-conviction petition.

Further, in apparent recognition that the statute of limitations might bar his claims, the petitioner submitted several other letters to the court and an amended petition in which he seeks to have the statute of limitations tolled or extended on the basis that his father died on December 10, 2011, after which he spent six months grieving (ECF No. 5, at 9), and the aunt who raised him died on February 15, 2013. (*Id.* at 1.) (*See also* Letters at ECF Nos. 9, 12, 16, 20.)

Because the court finds, as discussed below, that the claims are barred by the statute of limitations and by procedural default, the court will dispense with a lengthy recitation of the facts that support the petitioner's underlying conviction.

## II.    LEGAL ANALYSIS

### A.    The Petition Is Time-Barred.

Federal habeas petitions are governed by a one-year statute of limitations that runs from the latest of four circumstances, only one of which is relevant here: the "date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Taylor's case, the Tennessee Supreme Court denied his application for review on May 26, 2011. Taylor did not seek certiorari from the United States Supreme Court, so the judgment became final ninety days later, on August 24, 2011. *See Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) (citing *Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (recognizing that "direct review" under § 2244(d)(1)(A) includes review by the Supreme Court)). The one-year statute of limitations began running on August 25, 2011.

The § 2254 petition in this case was filed in October 2013, more than two years after Taylor's conviction became final. Thus, it is time-barred unless the statute of limitations was statutorily or equitably tolled for a substantial part of that time. By statute, the one-year period may be tolled for that amount of time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In this case, the petitioner claims he filed a state post-conviction petition. There is no record in the state court that any such petition was

"properly filed," and the court, therefore, concludes that statutory tolling of the limitations period is not warranted.

The petitioner suggests, however, that the state court must have lost or misplaced the petition without ruling on it and, consequently, that equitable tolling of the statute of limitations is warranted. The statute of limitations is not jurisdictional and may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is used only in rare cases where circumstances beyond a petitioner's control prevented him from raising a timely habeas corpus claim. *Keenan v. Bagley*, 400 F.3d 417, 420–21 (6th Cir. 2005). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner bears the burden of showing that he is entitled to equitable tolling, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003), and the decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

If the petitioner actually filed a post-conviction petition that was lost in the state court, equitable tolling of the statute of limitations might be warranted. *See Brown v. Bezy*, No. CV-07-1363-PHX-GMS (JRI), 2008 WL 4489172, at *10 (D. Ariz. Oct. 1, 2008) (noting that "[a] number of courts have held that equitable tolling is appropriate to preserve the claims of a petitioner, who through no fault of his own, fails to receive notice of the disposition of an appeal or post-conviction proceeding, and consequently delays his federal habeas filing." (collecting cases)). Notwithstanding, even where a petitioner establishes that he did not have notice of the state court's action on his post-conviction petition or appeal, courts decline to apply equitable tolling if the petitioner is unable to show that he acted with reasonable diligence and promptness in protecting his rights. *See, e.g.*, *Plowden v. Romine*, 78 F. Supp. 2d 115 (E.D.N.Y. 1999) (holding that the petitioner's lack of notice of state appellate court's decision denying post-conviction relief did not entitle him to equitable tolling of the one-year statutory period for filing his federal habeas petition, in light of the petitioner's lack of reasonable diligence in allowing 17 months to elapse before inquiring into the status of his post-conviction motion, and he found out about the state court decision two weeks before the statutory period expired); *Vasquez v. Greiner*, 68 F. Supp. 2d 307, 310 (S.D.N.Y. 1999) (where the

federal habeas petition was filed seven months late and the petitioner claimed he was entitled to equitable tolling of the limitations period, setting a hearing to consider whether the petitioner's appellate counsel had really failed to notify him of the state appellate court's decision and whether the petitioner could have discovered the decision earlier on his own through "the exercise of reasonable diligence").

In this case, even assuming he filed a timely state post-conviction petition, there is no indication that the petitioner acted with diligence to preserve his rights. He states only that he did not receive a hearing and never learned whether the state court ruled on his petition. He does not indicate, even approximately, when he might have filed his post-conviction petition or what efforts he took—if any—to inquire about the status of his post-conviction petition or to compel a ruling on it.

Moreover, in all cases this court has located in which equitable tolling of 28 U.S.C. § 2244(d)(1) was warranted as a result of a state-court's loss of a petitioner's state post-conviction file or portions of it, the petitioner actually presented some extrinsic evidence that he had submitted the document or documents he claimed to have submitted, in addition to showing that he acted diligently to preserve his rights. *See, e.g.*, *Hicks v. Bell*, No. 2:07-CV-14916, 2008 WL 2115252, at *1–2 (E.D. Mich. May 19, 2008) (holding habeas petition in abeyance pending further exhaustion where the trial court had lost the petitioner's supplemental post-conviction petition and subsequent motion for reconsideration, and where the petitioner had filed a complaint with the State Court Administrative Office, which conducted an investigation and concluded that the trial court clerk had indeed lost or misplaced the petitioner's pleadings); *Hale v. Burt*, No. 05-CV-71301-DT, 2006 WL 626056, at *3 (E.D. Mich. March 13, 2006) (finding the petitioner was entitled to equitable tolling of § 2244(d)(1) "because he ha[d] submitted persuasive documentary evidence that he submitted his motion for relief from judgment to prison officials to mail to the state trial court within the one year limitations period, but that the pleadings were either lost or misplaced," and because the petitioner "was reasonably diligent in attempting to inquire into the status of his post-conviction motion with the state courts" and to compel action on it; he also attempted to re-file his post-conviction motion within a reasonable time of concluding that the clerk of the court had not received his original motion, and he filed a petition for writ of mandamus with the district court); *United States ex rel. Haqq v. Carter*, No. 98 C 5827, 2000 WL 204237 (N.D. Ill. Feb. 16, 2000) (where the state appellate court had denied the petitioner's post-conviction appeal as untimely and the petitioner

contended that the state court clerk had lost or misplaced his timely initial notice of appeal, holding that there was "sufficient evidence in the record to support [the petitioner's] assertion" that he had filed an initial timely notice of appeal, including an affidavit from a fellow inmate who averred that he had prepared the notice of appeal and mailed it to the Circuit Court clerk on May 19, 1997 (which would have been timely), a copy of the petitioner's May 19, 1997 request for postage from the Illinois Department of Corrections to mail his post-conviction notice of appeal, and the state's admission that the Cook County Circuit Court file contained an unstamped copy of the petitioner's notice of appeal dated May 19, 1997).

In the case at bar, as set forth above, the petitioner presents no extrinsic evidence whatsoever in support of his claim that he ever filed a state post-conviction petition and no evidence that he made any reasonable attempt to preserve his legal rights.[1] Accordingly, equitable tolling is not warranted on the alleged basis that the state court lost or misplaced the petitioner's post-conviction petition.

The petitioner also appears to be claiming that the statute of limitations should be equitably tolled for some period of time because of the deaths of two close family members—his father and aunt. The court finds that the deaths in the petitioner's family do not provide a basis for equitable tolling in this case. The petitioner's father died on December 10, 2011. Even if the petitioner, as he claims, spent the next six months grieving, he still had several months prior to the date of his father's death during which he could have filed his habeas petition, and more than two months after the grieving period ended during which he could have taken action. The petitioner was not in any sense prevented by his father's death from filing a timely habeas petition. Moreover, the limitations period expired in August 2012, months before the death of the petitioner's aunt in February 2013. The petitioner has not shown that he is entitled to equitable tolling on this basis either.

---

[1] Nor does the petitioner claim that he filed a *timely* post-conviction petition. It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) only "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Under Tennessee law, a state post-conviction petition must be filed within one year after a conviction becomes final under state law. Tenn. Code Ann. § 40-30-102(a). A petition filed outside that time frame and rejected by the state court on timeliness grounds is not deemed "properly filed" and does not toll the federal limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005)); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

In sum, the statute of limitations expired more than a year prior to the filing of the petition in this action. Neither statutory nor equitable tolling applies. The petition is therefore barred from review and may not be considered on the merits.

**B.      The Claims Are Procedurally Defaulted As Well.**

A federal district court will not entertain a petition for the writ of habeas corpus unless the petitioner has first exhausted all available state-court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and the federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. *Rose v. Lundy*, 455 U.S. 509, 518–20 (1982); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("[A] federal habeas petitioner . . . [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."). Once his federal claims have been raised in the highest state court available,[2] the exhaustion requirement is satisfied. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he presents for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987) (citation omitted). If a habeas petitioner retains the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(c). If, however, an unexhausted claim would be procedurally barred under state law, for instance by a state statute of limitations, then the claim is deemed exhausted (because no further state review is available) but procedurally defaulted (because it was never presented to the state court for review) and may not be considered by the federal court on habeas review except under extraordinary circumstances. *Alley v. Bell*, 307 F.3d 380, 385–86 (6th Cir. 2002) (citations omitted); *In re Cook*, 215

---

[2] In Tennessee, review by the state Supreme Court is not required for exhaustion. Instead, "once the Court of Criminal Appeals has denied a claim of error, 'the litigant shall be deemed to have exhausted all available state remedies available for that claim.'" *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. S. Ct. R. 39).

F.3d 606, 607–08 (6th Cir. 2000). Specifically, in order to obtain consideration of a claim that is procedurally defaulted, a petitioner must demonstrate both "cause" for the procedural default and actual prejudice resulting from the alleged constitutional errors, or alternatively that failure to consider the claims will result in a "fundamental miscarriage of justice." *Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The "cause" standard in procedural-default cases requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise a claim in the state courts. *Wogenstahl*, 668 F.3d at 321 (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (internal quotation marks omitted)). Factors that may constitute such cause "may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing of a factual or legal basis for a claim that was not reasonably available." *Id.* "[A] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective assistance claim itself." *Id.* (quoting *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000)).

Here, the petitioner pursued a direct review of his conviction, but the only federal claim raised on direct appeal concerned the sufficiency of the evidence. As discussed above, he claims that he filed a post-conviction petition raising some of the claims presented here, but the post-conviction petition, even if actually submitted to the state court, was not properly filed. Regardless, the petitioner has not shown that he pursued a timely appeal of the denial of any of his claims. Because the claims were never presented to the highest state court available, they are procedurally defaulted. Because the claims are procedurally defaulted, they are barred from review on the merits by this court. The petitioner has not asserted cause or prejudice to overcome the procedural default. In his letters to the court, he claims that he is actually innocent of the crimes of which he was convicted, but his conclusory and unsupported assertions in that regard are not sufficient to assert a cognizable claim of actual innocence of the type that will overcome procedural default. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to establish a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial").

## VI.    CONCLUSION

Derrick Taylor's petition under § 2254 will be denied on the basis that his petition is barred by the statute of limitations and that, in any event, the claims set forth therein are procedurally defaulted. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge