**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DERRICK S. TAYLOR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:13-cv-1275** |
| | ) | |
| **JERRY LESTER, Warden,** | ) | **Judge Trauger** |
| | ) | |
| **Respondent.** | ) | |

**<u>ORDER</u>**

The court denied petitioner Derrick S. Taylor's *pro se* petition under 28 U.S.C. § 2254 in March

2014 as barred by the statute of limitations. The petitioner did not file a notice of appeal and that

judgment became final 30 days later, in April 2014. On September 2, 2014, the petitioner filed a second

petition in this court, challenging the same judgment on the exact same grounds as those raised in the

original petition. *Taylor v. Holloway*, 3:14-cv-1788 (M.D. Tenn. Sept. 1, 2014) (ECF No. 1, petition). The

court entered an order transferring that matter to the Sixth Circuit Court of Appeals for consideration as

an application for authorization to file a second or successive petition under 28 U.S.C. § 2244. *Id.* (M.D.

Tenn. Sept. 5, 2014) (order). That application is currently still pending in the Sixth Circuit. *In re: Derrick*

*Taylor*, No. 14-6094 (6th Cir. Sept. 18, 2014) (corrected § 2244 application).

Now before the court is a memorandum and numerous exhibits the petitioner filed in this action

(rather than in Case No. 3:14-cv-1788), in which he continues to contest the state-court judgment against

him and, by extension, this court's dismissal of the original § 2254 petition. Because the motion was not

filed within 28 days after entry of judgment, the motion may not be considered as a motion to alter or

amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[1]

---

[1] The court also takes judicial notice that the petitioner pursued a wholly separate habeas
proceeding contemporaneously with the one before this court, challenging a different state conviction.
Judge Campbell denied that petition and dismissed the matter in February 2014. *Taylor v. Lester*, No.
3:13-cv-1279 (M.D. Tenn. Feb. 3, 2014) (memorandum and order of dismissal). Also contemporaneously
with his present filing in this court, the petitioner submitted a similar memorandum with assorted exhibits
in the habeas case before Judge Campbell. He included with both of his filings letters to Judge Campbell
and to the undersigned noting that "all the papers" submitted in that case number 3:13-cv-1279 (the
habeas matter before Judge Campbell) were also submitted in case number 3:14-cv-1788 [sic]. The
undersigned notes that, to the contrary, no documents were submitted in No. 3:14-cv-1788. Moreover,
while there is some overlap, the filing now before the undersigned is not identical to the filing before
Judge Campbell in case no. 3:13-cv-1279.

Thus, as an initial matter, the court must determine whether the new filing in this case should be construed as a Rule 60(b) motion for relief from judgment or as a successive petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court addressed the issue of whether Rule 60(b) motions filed in habeas proceedings under 28 U.S.C. § 2254 are subject to the additional restrictions that apply to second or successive petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(b). The Supreme Court explained that a critical factor in determining whether a  Rule 60(b) motion is actually an unauthorized second or successive habeas petition is whether the motion presents a "claim." *Gonzalez*, 545 U.S. at 530. A claim "is an asserted federal basis for relief from a state court's judgment of conviction." *Id.* "When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* at 533.

The Supreme Court believed that,

[i]n most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief, . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532 (emphasis in original; footnote omitted).

The Court explained that the term "on the merits," in this context, "refer[s] . . . to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 533 n.4. The Court concluded that a movant is not bringing a claim or attacking the federal court's resolution of a claim on the merits "when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* Thus, in *Gonzales*, where the petitioner alleged that the district court had misapplied the federal statute of limitations set out in § 2244(d), the motion at issue was properly considered as a true Rule 60(b) motion rather than as a disguised second or successive habeas petition.

In his original § 2254 petition in this court, the petitioner asserted that his conviction was unconstitutional because the jury was improperly selected and impaneled, specifically on the basis that one of the jurors was a childhood friend of the prosecuting attorney's sister. The petitioner also asserted claims of ineffective assistance of counsel based on his attorney's failure to object to the impaneling of the juror who had known the prosecutor as a child, failure to conduct a proper examination of the alleged victim of the crime, and failure to provide documents to the petitioner that he needed to pursue his habeas petition. The court did not consider the claims on the merits because the petition was barred by the statute of limitations and the individual claims were all procedurally defaulted.

The filing now before the court incorporates a memorandum in which the petitioner expressly argues that the one-year statute of limitations does not apply and should be equitably tolled on the basis of newly discovered evidence. In other words, the petitioner argues that it was error to dismiss the original petition on statute-of-limitations grounds. The remainder of the filing consists of several separate "memoranda" interspersed with copies of portions of the trial transcript and various evidence (most of which was previously submitted by the respondent, filed at ECF No. 7), all offered in support of the same claims made in the original habeas petition. The petitioner insists that the transcripts qualify as "new" evidence to support his claims.

Because the petitioner argues that the statute of limitations should not apply to bar his claims, and that the court should therefore consider his claims on the merits in light of the "new" evidence he believes is sufficient to toll the statute of limitations, the court construes the current filing as a Rule 60(b) motion.

Rule 60(b) permits relief from judgment under very limited circumstances. Specifically, Rule 60(b) provides that a court may relieve a party from a final judgment on the basis of:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The petitioner has not raised any grounds that would justify granting relief under Rule 60. His habeas petition was denied as untimely and for failure to exhaust state remedies. The petitioner asserts that he is in possession of new evidence that warrants tolling the statute of limitations. The court presumes that the petitioner intends to refer to 28 U.S.C. § 2244(d)(1)(D), which provides that the statute of limitations for filing a habeas petition runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Under this provision, the "new" evidence offered by the petitioner is not actually new. Rather, insofar as it consists of trial transcripts and evidence offered at trial, it obviously was available to the petitioner at the time of trial.[2] The remainder consists of "evidence" that could have been discovered prior to trial through the exercise of due diligence.[3] The proffered "new" evidence is not effective to toll the statute of limitations or to excuse the petitioner's failure to exhaust his state remedies. The petitioner is not entitled to relief on this basis asserted.

The petitioner's motion (ECF No. 38), construed as a motion for relief from judgment under Rule 60(b), is **DENIED**.

Because the court's determination that petitioner is not entitled to relief under Rule 60(b) does not merit further review, the court **DENIES** a certificate of appealability.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

[2] The petitioner primarily takes issue with ballistics evidence as well as evidence of a "bloody left hand palm print found on a white Chevy Tahoe" (ECF No. 38, at 120), both of which were addressed at trial.

[3] For instance, the petitioner submits a "google directory" showing an address for a witness that is inconsistent with the address the witness gave at trial. The petitioner insists this discrepancy shows the witness perjured himself.